EL PUEBLO, DEMANDANTE Y APELADO, v. FIGUEROA, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa por asesinato en primer grado.

No. 1236.—Resuelto en diciembre 2, 1918.

ASESINATO EN PRIMER GRADO—MOTIVO DE SU COMISIÓN.—En una convicción por asesinato en primer grado no es indispensable que aparezca la existencia de algún motivo. El Gobierno no tiene obligación alguna de establecer una

causa o motivo que explique la comisión del delito, si es que claramente aparece que el acusado fué el autor de la muerte con malicia premeditada.

ASESINATO EN PRIMER GRADO PER SE—ACECHO.—La muerte causada en las circunstancias previstas por el artículo 201 del Código Penal constituye *per se* asesinato en primer grado y puesto que entre esas circunstancias nuestro código, a diferencia del de Texas, enumera el acecho, la muerte inferida en este caso ha de calificarse de asesinato *per se* en primer grado.

INSTRUCCIÓN AL JURADO—SU IMPUGNACIÓN.—Cuando las instrucciones del juez al jurado no han sido excepcionadas, por lo general las cortes de apelación no tomarán en consideración aquellos errores relativos a las instrucciones de las cuales no se hubiera tomado excepción, a menos que se llegue al convencimiento de que el error es fundamental. Si el abogado del acusado tuvo oportunidad para impugnar alguna de las instrucciones dadas por el juez al jurado y dejó de hacerlo, con su proceder ha renunciado a cualquier error que pudiere existir y levantó la presunción de que estaba satisfecho con las instrucciones. *El Pueblo* v. *Ramírez de Arellano*, 25 D. P. R. 263.

INSPECCIÓN OCULAR—FALTA DE EXCEPCIÓN AL PROCEDIMIENTO.—Cuando el procedimiento seguido por un juez de distrito al practicar el reconocimiento del lugar del suceso no ha sido excepcionado en forma debida, se estima que es tarde para que pueda ser impugnado por primera vez en apelación.

ASESINATO EN PRIMER GRADO—MODIFICACIÓN DE LA SENTENCIA.—Por virtud de Ley No. 36 de 1917, aboliendo la pena de muerte y dándole efecto retroactivo aplicable a los reos condenados a muerte y cuya pena no hubiera sido efectuada, se modificó en este caso la sentencia apelada en el sentido de que el acusado sea condenado por el delito de asesinato en primer grado a sufrir la pena de reclusión perpetua en el presidio.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Carlos Travecier y F. Rodríguez.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

El presente es un caso de asesinato en primer grado que se originó en la Corte de Distrito de Humacao a virtud de acusación que en lo pertinente dice así:

"El citado Juan Figueroa, en uno de los días del mes de marzo de 1917, y en la jurisdicción de Caguas, que forma parte del Distrito Judicial de Humacao, ilegal, voluntaria y maliciosamente, y colocándose en acecho de manera oculta bajo unos árboles de bambú próximo al sitio por donde tenía que pasar Clemente Rivera para ir a su casa, acometió y agredió alevosa e inesperadamente y con el propósito decidido y firme de matar, con un machete, que es un arma mortífera, a

dicho Clemente Rivera, infiriéndole varias heridas que le produjeron la muerte allí y entonces.''

El acusado alegó su inocencia. Se celebró el juicio por jurado y éste, después de oir las alegaciones, las pruebas, los informes de las partes y las instrucciones de la corte, rindió su veredicto declarando a Juan Figueroa culpable del delito de asesinato en primer grado.

La corte señaló día para el pronunciamiento de la sentencia, y la representación del acusado presentó entonces moción de nuevo juicio alegando que el veredicto era contrario a la prueba y que las instrucciones de la corte fueron de tal índole que obligaron al jurado a dar un veredicto condenatorio. El fiscal se opuso a la anterior moción por el fundamento de que no aducía hechos bastantes que la justificaran, y después de argumentada por las partes fué declarada sin lugar, habiéndose pronunciado sentencia el día 9 de junio de 1917 imponiendo al acusado la pena de muerte.

Contra esa sentencia interpuso el acusado recurso de apelación para ante esta Corte Suprema.

No hay señalamiento especial de errores en el alegato escrito presentado a esta corte por el abogado de la parte apelante, dejándose así incumplido el artículo 43 del reglamento del tribunal, y tampoco el abogado compareció a informar oralmente en el acto de la vista. Alégase en síntesis que en los casos de acecho es necesario establecer con claridad el por qué del acecho, para que el asesinato pueda calificarse de primer grado, pues el asesinato con acecho no es *per se* asesinato en primer grado, y se hace referencia a la obra de Wharton on Homicide, página 157. Se agrega que basta leer detenidamente las instrucciones de la corte al jurado para convencerse de que eran fatales para la defensa, y que entre los procedimientos de la corte ninguno pudo impresionar más al jurado contra el acusado que las palabras dirigidas por el juez a las testigos Fe Díaz y su madre en el sitio del suceso.

En una convicción no es indispensable que aparezca la existencia de algún motivo. (3 Bishop New Crim. Procedure, página 1616, sec. 629.) No vemos la razón por qué no sea aplicable esa doctrina a casos de asesinato cometidos en acecho si esa circunstancia se establece por la prueba, la cual será de la exclusiva apreciación del jurado. Ciertamente que el hombre como ser racional obra siempre a no ser un loco, impulsado por alguna razón buena o mala, moral o inmoral, justa o injusta, pero ello no impide que ejecute actos de que sea responsable por más que sus móviles aparezcan desconocidos. El Gobierno no tiene obligación alguna de establecer una causa o razón adecuada para la comisión del delito, si es que claramente aparece que el acusado fué el autor de la muerte con malicia premeditada. *El Pueblo* v. *Rivera,* 25 D. P. R. 831.

Nuestro Código Penal siguiendo el de California establece claramente en su artículo 201, "que cuando la muerte se ejecuta por medio de veneno, acecho o tortura o al perpetrarse o intentarse algún incendio de morada, rapto, robo, incendio o mutilación, constituye asesinato de primer grado; la razón de ello es que en esos casos existe malicia deliberada y premeditada que es el elemento esencial del delito de asesinato en primer grado.

La muerte causada en las circunstancias expresadas constituye *per se* asesinato en primer grado. El Código de California se separa del de Texas, pues entre los medios señalados para que el asesinato se califique de primer grado *per se,* no enumera el acecho.

El juez al terminar sus instrucciones al jurado se expresó en los términos siguientes:

"En resumen, señores del jurado, si vosotros creeis y creeis fuera de duda razonable, que se ha probado aquí que este acusado se colocó en acecho de Clemente Rivera, o lo que es lo mismo, se escondió en unos bambú según se alega en la acusación, en forma que no pudiera ser visto por su víctima, y así escondido, y escondido con el propósito

de atacar a su víctima, la atacó en condiciones que la víctima no pudiera darse cuenta, de espaldas, de una manera alevosa, y sin que su víctima pudiera percatarse del ataque, y que como consecuencia de este ataque Clemente Rivera murió allí y entonces, tendreis y por esos solos hechos, méritos bastantes para declarar al acusado culpable del delito de asesinato en primer grado, sin que el fiscal venga obligado a probar el móvil que haya tenido este acusado para realizar el crimen, y sin que el fiscal venga obligado a probar ni la premeditación ni la deliberación de una manera expresa, porque estos elementos se infieren de los medios que ha utilizado el acusado para realizar su delito, cuando lo realizó por medio de acecho. Debeis declararlo no culpable si entendeis que este acusado no ha realizado el delito, o teneis duda razonable de que lo realizara; o teneis duda razonable de que se encontrara en el sitio donde se realizaron los hechos.''

La evidencia testifical suministrada por el fiscal consistente principalmente en las declaraciones de Fe Díaz y de su madre Filomena del mismo apellido tienden a probar que el acusado ejecutó la muerte de Clemente Rivera en la forma que expresa el fiscal en su acusación y describe el juez en sus instrucciones al jurado, mientras que la evidencia del acusado tiende a demostrar que este no puede ser responsable del delito que se le imputa por encontrarse en otro sitio cuando ocurrieron los hechos. La prueba fué contradictoria. El jurado resolvió ese conflicto en contra del acusado mediante el veredicto pronunciado, y esta corte no irá contra su apreciación por no habérsenos demostrado que hubiéra procedido bajo el influjo de pasión, parcialidad, prejuicio o manifiesto error según exige la jurisprudencia de esta Corte Suprema establecida en reiteradas decisiones.

Las instrucciones del juez al jurado no han sido excepcionadas, y de acuerdo con la jurisprudencia constante de este Tribunal, por lo general no tomaremos en consideración aquellos errores relativos a las instrucciones de las cuales no se hubieran tomado excepción, a no ser que estemos convencidos de que el error es fundamental. Los abogados de un acusado son los mejores jueces para juzgar el hecho de

si la corte les concede todo aquello a que tienen derecho y en el presente caso, el juez, después de dar las instrucciones al jurado, preguntó a las partes si tenían instrucciones que someter habiendo sido negativa la contestación sin que hicieran comentario alguno acerca de las instrucciones ya dadas ni tampoco las impugnaran, con cuyo proceder renunciaron a cualquier error que pudiera existir y levantaron la presunción de que estaban satisfechos con las instrucciones. *El Pueblo* v. *Ramírez de Arellano,* 25 D. P. R. 263.

El procedimiento seguido por el juez al practicar el reconocimiento del lugar del suceso, de que se queja el apelante en su alegato escrito, no fué excepcionado en forma debida y es tarde para que pueda ser impugnado por primera vez en grado de apelación.

No basta alegar que las instrucciones de la corte al jurado eran fatales para la defensa pues al abogado del acusado incumbía y era su deber impugnarlas en forma debida formulando objecciones y tomando excepciones en la corte inferior, lo que no verificó.

Hemos examinado detenidamente las instrucciones y las pruebas practicadas en el juicio y no encontramos motivo suficiente para anular el veredicto del jurado y consiguientemente la sentencia pronunciada.

Después de dictada la sentencia de muerte en 9 de junio de 1917, fué aprobada en noviembre 30 del mismo año la Ley No. 36 aboliendo la pena de muerte en Puerto Rico, hasta el 30 de abril de 1921 y dándole efecto retroactivo aplicable a los reos condenados a muerte y cuya pena no hubiera sido efectuada. Y al enmendar el artículo 202 del Código Penal dispone que toda persona culpable de asesinato en primer grado será castigada con reclusión perpetua. Así pues, haciendo aplicación de dicha ley al acusado, debe modificarse la sentencia apelada en el sentido de que sea condenado por el delito de asesinato en primer grado a sufrir la pena de reclusión perpetua en el presidio.

Con la expresada modificación, es de confirmarse la sentencia apelada.

> *Confirmada la sentencia apelada, pero modificándola en el sentido de que el acusado sea condenado por el delito de asesinato en primer grado a la pena de reclusión perpetua en el presidio.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.